UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SHUCHEN YUE,

    Plaintiff,

    v.

MERCEDES-BENZ USA, LLC,

    Defendant.

Case No.   5:25-cv-11115-EJD

**ORDER GRANTING MOTION TO AMEND COMPLAINT AND TO REMAND**

Re: ECF No. 12

Plaintiff Shuchen Yue brings this action against Defendant Mercedes-Benz USA ("MBUSA") for violations of the Song-Beverly Act, breach of express warranty, and breach of the implied warranty of merchantability.  Compl., ECF No. 1-1.  Before the Court is Plaintiff's motion under 28 U.S.C. § 1447(e) to amend the complaint to join a non-diverse defendant and remand the action to state court.  Plaintiff's Motion for Leave to Amend and Motion to Remand ("Mot."), ECF No. 12.  Defendant did not file an opposition.  The parties appeared before the Court for a motion hearing on March 12, 2026.  ECF No. 21.  For the reasons explained below, the Court **GRANTS** Plaintiff's motion to amend the complaint and to remand the action to state court.

I.      BACKGROUND

Plaintiff Yue alleges that on June 23, 2024, he purchased a 2021 Mercedes-Benz GLE from Defendant MBUSA in Walnut Creek, California.  Mot. at 3.  The car came with an express written warranty which provided that, should a defect arise, MBUSA or one of its authorized representatives would fix the defect or provide compensation.  *Id*.  Plaintiff alleges that the car developed defects during the warranty period and that MBUSA and its representatives, including Fletcher Jones Motor Cars, Inc. ("FJMC") did not repair it.  *Id*.  Plaintiff further alleges that

Case No.: 5:25-cv-11115-EJD
ORDER GRANTING MOTION TO AMEND COMPLAINT AND TO REMAND

1

MBUSA has neither replaced the car nor compensated Plaintiff. *Id*.

On November 21, 2025, Plaintiff sued in Santa Clara County Superior Court for violations of the Song-Beverly Act, breach of express warranty, and breach of the implied warranty of merchantability. Compl. On December 31, 2025, Defendant MBUSA removed to federal court under 28 U.S.C. § 1332. Notice of Removal, ECF No. 1.

## II.    MOTION FOR LEAVE TO AMEND

Plaintiff has filed a motion for leave to amend his complaint to add FJMC, an authorized dealership that Plaintiff alleges failed to repair his car. Plaintiff's proposed First Amended Complaint ("FAC") adds a cause of action alleging negligent repair and/or diagnosis against FJMC. Proposed FAC, ECF No. 12-8 at 9. FJMC is in Fremont, California, so adding FJMC as a defendant would destroy diversity and deprive the Court of jurisdiction over this case.

### A.    Legal Standard

Generally, motions to amend a complaint to add new parties are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 mandates that leave to amend be freely granted whenever justice requires. However, Rule 15 does not apply in situations where—as here—"a plaintiff amends her complaint after removal to add a diversity destroying defendant." *Greer v. Lockheed Martin*, No. 10-cv-1704-JF (HRL), 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010).

When a plaintiff seeks to amend her complaint to add a diversity-destroying defendant, 28 U.S.C. § 1447(e) governs the analysis. That statute reads, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

### B.    Discussion

When deciding whether to permit joinder under 28 U.S.C. § 1447(e), courts consider five factors: (1) whether the new defendant(s) should be joined under Rule 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against

Case No.: 5:25-cv-11115-EJD
ORDER GRANTING MOTION TO AMEND COMPLAINT AND TO REMAND
2

the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000). The Court considers each factor in turn.

### 1.    Whether Joinder is Necessary for Just Adjudication

This factor is met when "failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, No. 2:16-CV-00949-CAS-KSX, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016). This is a less restrictive standard than the required joinder of parties under Rule 19. *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000).

Plaintiff argues that the proposed joinder of FJMC meets this lenient standard. The Court agrees. In *Forward-Rossi*, the plaintiff sued her vehicle's manufacturer for violations of the express and implied warranties and the Song-Beverly Act. *Forward-Rossi*, 2016 WL 3396925. She later sought to add the dealership that attempted to repair her car. The court found that since "[a]ll of the claims asserted against [the manufacturer] and [the dealership] involve the same vehicle, the same alleged defects in that vehicle, and the same lengthy and, ultimately, unsuccessful attempt to repair that vehicle," their resolution would require the same documents and witnesses and turn on the same factual and legal questions. *Id.* at *3. Joinder was thus necessary for just adjudication of the claims.

Here, the facts are nearly identical to those in *Forward-Rossi*. The claims asserted against MBUSA and FJMC involve the same car, the same alleged defects, and the same attempts to repair the car. FJMC is not merely "tangentially related" to the existing claims against MBUSA—it participated in the conduct that gave rise to Plaintiff's claims against MBUSA. This factor weighs in favor of granting Plaintiff leave to amend.

### 2.    Statute of Limitations

The second factor courts consider is whether the statute of limitations would preclude an original action against the new party in state court.

Case No.: 5:25-cv-11115-EJD
ORDER GRANTING MOTION TO AMEND COMPLAINT AND TO REMAND
3

"The Song-Beverly Act does not include its own statute of limitations." *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1305–06 (2009).  Instead, "the statute of limitations for an action for breach of warranty under the Song-Beverly Act is governed by . . . the Uniform Commercial Code: section 2725." *Id.*; *see also Jensen v. BMW of North America, Inc.*, 35 Cal. App. 4th 112, 132 (1995).  Under Section 2725, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued," and "a cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach."  Cal. Com. Code. § 2725.

Here, Plaintiff purchased the vehicle on June 23, 2024, and brought suit on November 21, 2025.  This puts Plaintiff's claims well within the statute of limitations.  This factor weighs in favor of granting leave to amend.

### 3.      Unexplained Delay

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999).

Here, Plaintiff filed his motion to amend only one month after the case was removed to federal court.  This delay is "not unreasonable under this circuit's precedents." *Forward-Rossi*, 2016 WL 3396925, at *3 (collecting cases).  This factor weighs in favor of granting leave to amend.

### 4.      Whether Joinder is Intended Solely to Defeat Federal Jurisdiction

"There is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Here, Plaintiff has described a facially valid claim against FJMC (see *infra* Part II.B.5).  And since Defendant has not filed a response to Plaintiff's motion, Defendant has not rebutted the presumption against fraudulent joinder.  This factor favors granting leave to amend.

### 5.      Apparent Validity of Plaintiff's Claims

"The existence of a facially legitimate claim against the putative defendant weighs in favor

Case No.: 5:25-cv-11115-EJD
ORDER GRANTING MOTION TO AMEND COMPLAINT AND TO REMAND
4

of permitting joinder under § 1447(e)." *Taylor v. Honeywell Corp.*, No. C-09-4947-SBA, 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010). At this stage, Plaintiff's proposed amendment need not survive a Rule 12(b)(6) motion. Rather, Plaintiff must only state a facially legitimate claim. In *Forward-Rossi*, the Central District found that the plaintiff had stated a facially valid claim against the authorized dealership that conducted the repairs. *See Forward-Rossi*, 2016 WL 3396925, at *4. The facts here are almost identical, so this factor favors granting leave to amend.

### 6.    Whether the Denial of Joinder Would Prejudice the Plaintiff

This factor takes into consideration: (1) whether denying the amendment would force the plaintiff to choose between the costs of redundant litigation arising out of the same facts or foregoing potential claims against the parties sought to be joined; and (2) if the statute of limitations would bar the filing of an original complaint in the state court. *Verrell v. ROC AZ Villa Antiqua LLC*, No. CIV-14-1730-TUC-CKJ, 2014 WL 3556359, at *3 (D. Ariz. July 18, 2014).

Here, denying the amendment would force Plaintiff to choose between litigating two cases arising out of the same set of facts, which would be costly, or foregoing potential claims against FJMC. But the claim would not be time barred as an original action in state court. *See supra* Part II.B.2. Generally, federal courts are less inclined to permit diversity-destroying joinder if the plaintiff could still seek relief in state court. See *Clinco*, 41 F. Supp. 2d at 1083. But since the claims against MBUSA and FJMC arise from the same factual circumstances, it is more efficient to adjudicate this matter only once. This factor favors granting leave to amend.

\*\*\*

All six of the factors thus weigh in favor of granting leave to amend. Consequently, the Court finds that it is appropriate to permit Plaintiff to amend his complaint to add FJMC as a defendant. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to file a first amended complaint.

### III.    MOTION TO REMAND

Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over state law actions

Case No.: 5:25-cv-11115-EJD
ORDER GRANTING MOTION TO AMEND COMPLAINT AND TO REMAND

United States District Court
Northern District of California

where the amount in controversy exceeds $75,000 and the parties are of diverse citizenship.

In its notice of removal, MBUSA argued that diversity jurisdiction existed because the amount in controversy exceeded $75,000 and the parties were diverse. Notice of Removal at 2. Specifically, Plaintiff is a citizen of California, and MBUSA is a citizen of Delaware and Georgia. *Id.* However, with FJMC added as a defendant, this action is no longer between parties of diverse citizenship: both Plaintiff and FJMC are citizens of California.

As jurisdiction no longer exists on the basis of diversity, the Court **GRANTS** Plaintiff's motion to remand.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint and **GRANTS** Plaintiff's motion to remand this action to state court.

**IT IS SO ORDERED.**

Dated: June 3, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No.: 5:25-cv-11115-EJD
ORDER GRANTING MOTION TO AMEND COMPLAINT AND TO REMAND
6